

**ORDERED in the Southern District of Florida on August 15, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

SAGAMORE PARTNERS, LTD.,   Case No. 11-37867-BKC-AJC
                            Chapter 11
       Debtor.
_____/

SAGAMORE PARTNERS, LTD.,
a Florida limited partnership,

       Plaintiff,   Adv. No. 11-3122-BKC-AJC-A

v.

JPMCC 2006-LDP7 MIAMI BEACH LODGING, LLC, a Florida limited liability company, LNR PARTNERS, LLC, a Florida limited liability company, f/k/a LNR PARTNERS, INC., a Florida corporation, ARBOR COMMERICAL MORTGAGE, LLC, a New York limited liability company, NOMURA CREDIT & CAPITAL, INC., a Delaware corporation, WELLS FARGO BANK, N.A., as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage

Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2006-LDP7, a New York Common Law Trust, U.S. BANK NATIONAL ASSOCIATION, as Successor Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2006-LDP7, a New York Common Law Trust, and BERKADIA COMMERCIAL MORTGAGE, LLC, a Delaware limited liability company,

                Defendants.

_____/

**MEMORANDUM OPINION AND ORDER DENYING *PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT(S) OF EDWARD C. BROWN FILED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT* [ECF NO. 142]**

THIS MATTER came before the Court for hearing on July 26, 2012 at 3:00 p.m. (the "**Hearing**") upon the *Motion to Strike Affidavit(s) of Edward C. Brown Filed in Support of Defendants' Motion for Summary Judgment* [ECF No. 142] (the "**Motion to Strike**") filed by Sagamore Partners, Ltd. ("**Plaintiff**" or the "**Debtor**").

**I.    INTRODUCTION**

The Court, having reviewed and considered the Motion to Strike, the September 22, 2011 affidavit of Edward C. Brown [ECF No. 81] (the "**First Brown Affidavit**"), the July 16, 2012 affidavit of Edward C. Brown [ECF No. 136] (the "**Second Brown Affidavit**," and together with the First Brown Affidavit, the "**Brown Affidavits**"), filed in support of the Motion for Summary Final Judgment as to Counts I, II, III, V, VI, VII, X and XI of the Amended Complaint to Determine the Validity, Priority, and Extent of Liens; for Temporary Restraining Order and Injunctive Relief; and for Other Relief and Damages[1] (the "**Motion for Summary Judgment**")

---

[1] Plaintiff's Amended Complaint to Determine the Validity, Priority, and Extent of Liens; for Temporary Restraining Order and Injunctive Relief; and for Other Relief and Damages [ECF No. 28] will be referred to herein as the "**Amended Complaint**" and cited as "**Am. Compl.**"

[ECF No. 35] filed by JPMCC 2006-LDP7 Miami Beach Lodging, LLC ("**JPMCC**"), LNR Partners, LLC ("**LNR**"), Berkadia Commercial Mortgage, LLC ("**Berkadia**"), Wells Fargo Bank, N.A., as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2006-LDP7, a New York Common Law Trust ("**Assignee 1**"), and U.S. Bank National Association, as Successor Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Pass-Through Certificates, Series 2006-LDP7, a New York Common Law Trust ("**Assignee 2**"; JPMCC, LNR, Berkadia, Assignee 1 and Assignee 2 are sometimes collectively referred to herein as "**Defendants**"), the record in this Adversary Proceeding, and the arguments of counsel presented at the Hearing, will deny the Motion to Strike for the reasons set forth below.

## II.     FACTUAL BACKGROUND

According to the allegations asserted in the Amended Complaint, on or about March 26, 2006, the Debtor borrowed $31,500,000.00 in order to refinance certain commercial property (the "**Loan**"). Am. Compl. ¶ 28. The Debtor defaulted on the Loan in August 2009 after it failed to make its required monthly debt service payment and all payments thereafter. *Id.* at ¶ 71. Following the Debtor's default, administration of the Loan was transferred from the master servicer (Capmark Finance, Inc.)[2] to a special servicer (LNR). *Id.* at ¶ 73. In its 12-count Amended Complaint, the Debtor alleges, among other things, that JPMCC lacks standing to enforce the operative Loan Documents[3] or institute the foreclosure proceedings that it brought in

---

[2] According to the Amended Complaint, beginning in or about December 2009, Berkadia assumed the rights and liabilities of Capmark Finance, Inc., who was the original master servicer of the Loan. Am. Compl. ¶ 13.
[3] The Note, Mortgage, Loan Agreement, ALR, SPE Recorded Financing Statement, Filed Financing Statement, and the Guaranties (all as defined in the Amended Complaint) are collectively referred to herein as the "**Loan Documents**."

3

the related State Court Action[4] because JPMCC allegedly cannot prove that it owns or holds the promissory note evidencing the Loan (the "**Note**")[5] or the Mortgage securing the outstanding balance.[6]  *Id.* at ¶ 138.

In support of Defendants' Motion for Summary Judgment, Defendants filed two affidavits of Edward C. Brown ("**Brown**"), a representative of LNR,[7] essentially attesting to the fact that JPMCC, through a chain of assignments and endorsements, is the present owner and holder of the Note, Mortgage, and other Loan Documents and is entitled to enforce those documents.[8]  Defendants have argued that because Sagamore defaulted on its debt service obligations and JPMCC is vested with the authority to enforce the Loan Documents, JPMCC has a valid and perfected first priority mortgage lien on the Sagamore Hotel.  *See* Motion for Summary Judgment pp. 4, 9.  Because Mr. Brown's Affidavits demonstrate that he is competent and has personal knowledge of the matters attested to therein, the Brown Affidavits are properly before the Court.

### III. DISCUSSION AND ANALYSIS

#### A. Because Mr. Brown Has Demonstrated That (i) He Is Competent To Testify Regarding The Matters Sworn To In The Brown Affidavits And (ii) The Brown Affidavits Were Based Upon His Personal Knowledge, The Brown Affidavits Are Thus Admissible

Plaintiff contends that the Brown Affidavits are improperly before the Court and should be stricken in their entirety because they allegedly do not demonstrate that the statements made therein are based on Brown's personal knowledge as required under Federal Rule of Civil

---

[4] The related state court action is styled *JPMCC 2006-LDP7 MIAMI BEACH LODGING LLC, et al. v. SAGAMORE PARTNERS, LTD*, Case No. 09-88077-CA-32 and is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "**State Court Action**"). *See* Am. Compl. ¶ 14.
[5] The Note has been endorsed in favor of JPMCC.  *See* Am. Compl. ¶ 35.
[6] The Mortgage has been assigned to JPMCC.  *See* Am. Compl. ¶¶ 36–37.
[7] LNR is the sole non-member manager of JPMCC and the special servicer of the Loan.  *See* First Brown Affidavit ¶ 1; Second Brown Affidavit ¶ 1.
[8] *See* First Brown Affidavit ¶ 6; Second Brown Affidavit ¶ 6.

Procedure 56(e). Specifically, in the Motion to Strike, Plaintiff contends that the Brown Affidavits should be stricken from the record because: (i) Mr. Brown is "not competent" to issue the Affidavits;[9] and (ii) the Brown Affidavits are "not based upon personal knowledge."[10]

The Court has reviewed the Brown Affidavits and Mr. Brown's deposition testimony taken in the State Court Action.[11] The Court observes several sworn statements offered by Mr. Brown that demonstrate both his competency and that he has sufficient personal knowledge of the matters sworn to in the Brown Affidavits. Specifically, Mr. Brown testified, among other things, that: (i) he has been employed by LNR for the past 15 years as a "senior vice president in asset management and [is] the head of the hotel group;"[12] (ii) administration of the Loan was transferred to LNR for special servicing after the Debtor defaulted on its debt service obligations;[13] (iii) he serves as "an asset manager for LNR, which is . . . the Special Servicer with respect to the [L]oan" and in this capacity he is responsible for overseeing the Loan;[14] (iv) he is "familiar with the facts relating to the allegations set forth in Plaintiff['s] . . . Amended Complaint;"[15] and (v) he has reviewed the original Loan file "where the original Loan Documents are maintained."[16] Based on the foregoing, the Court finds that Mr. Brown is competent to attest to and has sufficient personal knowledge of the matters sworn to in his Affidavits and, therefore, the Brown Affidavits are properly before the Court.

---

[9] Motion to Strike ¶ 3.
[10] Motion to Strike ¶ 3.
[11] The transcript from the April 28, 2010 deposition of Mr. Brown in the related State Court Action [ECF No. 138-1] is cited to herein as "**Brown Dep. Tr. [page]:[line]**."
[12] *See* Brown Dep. Tr. 5:13-16.
[13] *See* Brown Dep. Tr. 29:18-22.
[14] First Brown Affidavit ¶ 1; Second Brown Affidavit ¶ 1.
[15] *See* Second Brown Affidavit ¶ 1.
[16] *See* Second Brown Affidavit ¶ 2.

Moreover, the Court also disagrees with Plaintiff's blanketed assertion that Mr. Brown "cannot have personal knowledge of the events that preceded LNR's involvement in the loan"[17] inasmuch as Mr. Brown's knowledge can be derived from a review of the records.  Indeed, in Florida (and elsewhere), an affiant's "personal knowledge" can be derived from a review of the affiant's company's records and files.  *See Progressive Express Ins. Co. v. Camillo*, 80 So. 3d 394, 399 (Fla. 4th DCA 2012) ("An affiant's personal knowledge may be based on his or her review of the underwriting file."); *U.S. v. Kneapler*, 733 F. Supp. 2d 1308, 1319 (S.D. Fla. 2010) ("Indeed, personal knowledge can come from a review of the contents of business files and records."); *In re Trafford Distrib. Ctr., Inc.*, 414 B.R. 858, 862 (Bankr. S.D. Fla. 2009) ("As a matter of law, personal knowledge can come from review of the contents of [business] files and records."); *Lockheed Martin Corp. v. United States*, 70 Fed. Cl. 745, 754 (2006) (the personal knowledge requirement "does not require that the affiant be personally involved in all matters at issue, but can include information obtained from a review of business records").

Plaintiff also contends that the Brown Affidavits are inadmissible because certain of Mr. Brown's testimony amounts to "at best, a legal conclusion."  Motion to Strike ¶ 12.  The Court does not agree.  In *Camillo*, where the court was confronted with a similar issue in ruling on motions for summary judgment, the trial court rejected a fact-witness's affidavit after finding that it was "self-serving."  498 So. 2d at 399.  The appellate court reversed and held that the affidavit asserted several statements of fact and "was not framed solely in terms of conclusions of law" nor did it "opine at all on the legal consequences" of the facts asserted.  *Id.*  at 400.  The court concluded that "the trial court should have considered . . . the affidavit in ruling on the motions for summary judgment."  *Id.*

---

[17] Motion to Strike ¶ 10.

6

Here, Mr. Brown attests that "[t]he Note, Mortgage, Loan Agreement, and the other Loan Documents have each been assigned to JPMCC, and JPMCC is therefore the present owner and holder of same"[18] and that "[t]he Note is: (i) the only promissory note at issue in this lawsuit; (ii) the promissory note that JPMCC claims Borrower has defaulted on; and (iii) the promissory note that JPMCC has brought suit to foreclose upon in the State Court Action."[19] Like the affidavit in *Camillo*, the Brown Affidavits offer statements of fact relating to the Loan based on Mr. Brown's involvement with the servicing of the Loan and his personal review of the Loan Documents and relevant pleadings.[20] Therefore, because the Brown Affidavits are not framed solely in conclusions of law but rather offer fact-based assertions relevant to the issues before the Court, the Court finds the Brown Affidavits are admissible.

Moreover, because Mr. Brown has testified, among other things, that he is the asset manager responsible for oversight of the Loan, the Court finds that he is in a position where he necessarily possesses the requisite knowledge to attest to the matters contained in the Brown Affidavits. *See J.R. Carter v. Cessna Fin. Corp.*, 498 So. 2d 1319, 1321 (Fla. 4th DCA 1987) ("A factual basis for the affiant's knowledge need not be set out where the affiant is shown to be in a position where he would necessarily possess the knowledge."); *First Mortg. Investors v. Boulevard Nat'l Bank of Miami*, 327 So. 2d 830, 831-32 (Fla. 3d DCA 1976) (finding that the affidavit of a bank's vice-president regarding a loan transaction could be based solely upon his representation of personal knowledge). In summary, because Mr. Brown is competent to testify about and has sufficient personal knowledge regarding the matters set forth in the Brown Affidavits, the Court finds that the Brown Affidavits are admissible.

---

[18] First Brown Affidavit ¶ 6; Second Brown Affidavit ¶ 6.
[19] Second Brown Affidavit ¶ 7.
[20] *See* First Brown Affidavit ¶¶ 1-2; Second Brown Affidavit ¶ 2.

7

Of course, as with the other affidavits filed in the record, the Court "will give the appropriate weight" to the Brown Affidavits "within the context of the claims and defenses alleged" in the Motion for Summary Judgment and Plaintiff's opposition thereto. *See Stewart v. Winnebago Indus., Inc.*, No. 6:06-cv-1719-Orl-28DAB, 2008 WL 1995106, at *1 (M.D. Fla. May 7, 2008).

  **B.** **To The Extent That The Brown Affidavits Are Based In Part On The Records Of A Prior Servicer Of The Loan, Such Practice Is Permissible Under Florida Law And The Affidavits Are Thus Admissible**

In the Motion to Strike, Plaintiff contends that the Brown Affidavits should be stricken from the record because Mr. Brown improperly relied on the records of a prior servicer of the Loan. In this regard, Plaintiff contends that Mr. Brown allegedly "cannot testify to the master servicing records as the records custodian."[21]

The Court finds that Plaintiff's concerns about Mr. Brown's alleged lack of knowledge regarding and familiarity with the Loan prior to August 2009 is irrelevant because LNR and Mr. Brown can rely on the records of a prior servicer of the Loan. Under Florida law, a loan servicer like LNR can lawfully rely on the records and loan transaction history of a prior loan servicer. *WAMCO XXVIII, Ltd. v. Integrated Elec. Env'ts, Inc.*, 903 So. 2d 230, 233 (Fla. 2d DCA 2005). In *WAMCO*, the court held that loan transaction histories created by a prior loan servicer were admissible by a subsequent loan servicer to establish the outstanding loan balance and related figures. *Id.* at 233. In making its determination, the *WAMCO* court considered the testimony of Robert Grauer, who served as a vice president of both WAMCO and its related company, First City Servicing ("**FCS**"), which serviced loans for WAMCO. *Id.* at 232-33. Like Mr. Brown, the asset manager of the Loan at issue, Grauer was the individual responsible for "overseeing collections of loans that WAMCO purchases." *Id.* Grauer testified that at the time WAMCO

---

[21] Motion to Strike ¶ 3.

purchased loans from Bank of America, WAMCO relied on Bank of America's documentation and balance information as the basis for establishing, in FCS's computer system, the beginning numbers on the outstanding balances with respect to the purchased loans. *Id.* After considering Grauer's testimony, the court admitted into evidence as WAMCO's business records the loan histories that were based on information obtained from Bank of America, the prior servicer of the loans. *Id.*

In accordance with Florida law, the Court concludes that, just as WAMCO/FCS properly relied on Bank of America's loan balance information and incorporated the same into its own records, Mr. Brown can lawfully rely on the records of Berkadia, the prior servicer of the Loan, to establish the record of events that preceded LNR's involvement in the Loan.

Moreover, the Court is persuaded by the conclusions of courts in other jurisdictions that have confronted this issue and have agreed that the loan records and transaction history of a prior loan servicer can be: (i) relied on by a subsequent servicer; and (ii) admitted into evidence as the subsequent servicer's business records. *See, e.g.*, *Beal Bank, SSB v. Eurich*, 831 N.E. 2d 909, 914 (Mass. 2005). In *Beal Bank*, the Massachusetts Supreme Judicial Court wrote:

> Given the common practice of banks buying and selling loans, we conclude that it is normal business practice to maintain accurate business records regarding such loans and to provide them to those acquiring the loan. Therefore, the bank need not provide testimony from a witness with personal knowledge regarding the maintenance of the predecessors' business records. The bank's reliance on this type of record keeping by others renders the records the equivalent of the bank's own records. To hold otherwise would severely impair the ability of assignees of debt to collect the debt due because the assignee's business records of the debt are necessarily premised on the payment records of its predecessors.

9

*Beal Bank, SSB*, 831 N.E. 2d at 914 (citations omitted).[22] Other courts have ruled similarly. *See Brawner v. Allstate Indemnity Co.*, 591 F.3d 984, 987 (8th Cir. 2009) ("a record created by a third party and integrated into another entity's records is admissible as the record of the custodian entity, so long as the custodian entity relied upon the accuracy of the record and the other requirements of Rule 803(6) are satisfied"); *U.S. v. Moore*, 923 F.2d 910, 914-15 (1st Cir. 1991) (holding the head of a bank's consumer loan department was qualified to introduce a service bureau's computer generated "loan histories" as the bank's business records where the bank could and did retrieve information from the service bureau).

Absent specific evidence of an error in the prior servicer's records, the Court finds that LNR's and Mr. Brown's practice of relying on and integrating into LNR's own records the records and information of a prior loan servicer is appropriate. The Court therefore finds that the Brown Affidavits are admissible.

### C.    The Brown Affidavits Were Timely Filed And Therefore Are Admissible

In the Motion to Strike, Plaintiff also contends that the Brown Affidavits should be stricken from the record because: (i) "the affidavits were filed untimely" with the Court;[23] and (ii) Defendants did not comply with "S.D. Fla. Local Rule 7.5 [which] requires that motions for summary judgment shall be accompanied by 'necessary affidavits.'"[24]

According to Rule 1001-1(B) of the Local Rules of the United States *Bankruptcy* Court for the Southern District of Florida, "[t]he Local Rules of the United States *District* Court for the Southern District of Florida *shall not apply to cases or proceedings in the Bankruptcy Court*,

---

[22] In a footnote to this holding, the court stated that "[a]s a matter of fairness, we also note that, in this type of collection action, the defendant debtor would ordinarily have records of any payments made, and thus would readily be able to demonstrate any error in prior credits or calculations. Here the defendant did not introduce any evidence that he had made any additional payments or provide any alternative calculation of the amount still owed. Moreover, the defendant has never denied that he owes the full amount of the debt; he merely stated in his answer to the complaint that he was without knowledge or sufficient information." *Beal Bank, SSB*, 831 N.E. 2d at 914, n.4.
[23] Motion to Strike ¶ 2.
[24] Motion to Strike ¶ 17.

except to the extent that Local Rules 87.1 through 87.5 of the District Court govern bankruptcy matters."[25] (emphasis added).  As such, Plaintiff's argument that Defendants failed to comply with "S.D. Fla. Local Rule 7.5" with respect to the Brown Affidavits is of no moment and does not adversely impact the admissibility of the Brown Affidavits.

The Court further finds that Plaintiff's argument that the Brown Affidavits were "filed untimely" is unsupported by the record.  Indeed, during the May 30, 2012 hearing on Defendants' Motion for Summary Judgment,[26] the Court specifically invited Defendants to file a supplemental affidavit regarding the authenticity of the Loan Documents.[27]  Thereafter, on July 18, 2012, Defendants did in fact file the Second Brown Affidavit wherein Mr. Brown affirmed that "based on my review of the loan file where the original Loan Documents are maintained, [they] are genuine and authentic."[28]  Second Brown Affidavit ¶ 2.  Thus, the Brown Affidavits were timely filed and are therefore admissible.

## IV.     <u>CONCLUSION</u>

This Court concludes that the Brown Affidavits are admissible because: (i) Mr. Brown is competent to attest to the matters set forth in the Brown Affidavits; (ii) there is sufficient proof that the Brown Affidavits were made upon personal knowledge; (iii) to the extent that the Brown

---

[25] Local Rules 87.1 through 87.5 of the United States District Court for the Southern District of Florida are not implicated in the instant proceeding.

[26] The transcript from the May 30, 2012 hearing on Defendants' Motion for Summary Judgment is referred to herein as "**MSJ Hrg. Tr. [page]:[line]**."

[27] "The Court:  I would suggest that if you would . . . have somebody file an affidavit that [the Loan Documents] are true and correct copies, by the same time you give them to opposing counsel, you can file them with the court and maybe we can dispose of . . . whether or not summary judgment can be entered on Counts I and II [of the Amended Complaint." MSJ Hrg. Tr. 28:20-29:14.

[28] Plaintiff also takes issue with Brown's statement that the Loan Documents are "genuine and authentic."  However, the Court takes judicial notice that promissory notes, mortgages, and other similar instruments are, as a matter of law, self-authenticating.  *See* Fla. Stat. 90.902 ("Extrinsic evidence of authenticity as a condition precedent to admissibility is not required for: (8) Commercial papers and signatures thereon and documents relating to them, to the extent provided in the Uniform Commercial Code."); *see also U.S. v. Oxarango*, No. CIV. 97-0085-S-BLW, 2008 WL 5411719, at *4 (D. Idaho Dec. 24, 2008) ("recorded mortgages and promissory notes qualify as self-authenticating documents"); *U.S. v. Parkhurst*, No. Civ.05-00276 SOM/KSC, 2006 WL 291657, at *3, n.2 (D. Haw. Feb. 6, 2006) ("the court notes that the notes and mortgages were self-authenticating under Rule 902(8) and (9)").

Affidavits are based in part on the records of a prior loan servicer, such practice is permissible under Florida law; and (iv) the Brown Affidavits were timely filed. Accordingly, and for the reasons set forth above, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike is **DENIED**.

# # #

Copy to:

Michael N. Kreitzer, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-2385

Attorney Kreitzer is directed to serve a conformed copy of this Order to all parties in interest and file a certificate of service.